## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

VERNARD MOORE,                          :
                                        :    Civil Action No. 11-7198 (JAP)
                Plaintiff,              :
                                        :
                v.                      :    **MEMORANDUM OPINION**
                                        :
MERCER COUNTY CORRECTION                :
CENTER, et al.,                         :
                                        :
                Defendants.             :


**APPEARANCES:**

Plaintiff pro se
Vernard Moore
Southern State Correctional Facility
Delmont, NJ 08314

**PISANO**, District Judge

        Plaintiff Vernard Moore, a prisoner confined at Southern

State Correctional Facility in Delmont, New Jersey, seeks to

bring this civil action in forma pauperis, without prepayment of

fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

        Civil actions brought in forma pauperis are governed by 28

U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil

action or file an appeal in forma pauperis.

        Under the PLRA, a prisoner seeking to bring a civil action

in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay

the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit
a certified copy of his inmate trust fund account statement(s)
for the six-month period immediately preceding the filing of his
complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain
this certified statement from the appropriate official of each
correctional facility at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee in
installments.  28 U.S.C. § 1915(b)(1).  In each month that the
amount in the prisoner's account exceeds $10.00, until the
$350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal to
20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action: (1) is frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis
actions).  See also 28 U.S.C. § 1915A (dismissal of actions in
which prisoner seeks redress from a governmental defendant); 42

U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit the required six-months certified institutional account statements, as required by 28 U.S.C. § 1915(a)(1), (2).  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing

a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: January 9, 2012

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).